SCHLACTER & ASSOCIATES
Attorneys for Plaintiff
450 Seventh Avenue
New York, New York 10123
(212) 695-2000
By: JED R. SCHLACTER (JRS-4874)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CAMERON INDUSTRIES, INC.,            :      08 Civ.

              Plaintiff,                       **08 CIV 6172**

    -against-                               :      **COMPLAINT**

CHARLOTTE RUSSE MERCHANDISING, INC.,  :

              Defendant.                       :
------------------------------------------------------------X

    Plaintiff, by its attorneys, SCHLACTER & ASSOCIATES, for its complaint against defendant, alleges:

**JURISDICTION**

    1.    This action, as more fully stated below, is for, <u>inter alia,</u> copyright infringement, unfair trade practices and unfair competition; arises under Title 17 of the United States Code;

jurisdiction is vested in this Court under 28 U.S.C. Sections 1338(a) and 1338(b); and proper venue exists under 28 U.S.C. Sections 1400(a) and 1391.

## THE PARTIES

2. Plaintiff, CAMERON INDUSTRIES, INC. (hereinafter referred to as "Cameron") is a domestic corporation duly organized and existing under the laws of the State of New York, with an office located at 1375 Broadway, New York, NY 10018. Plaintiff is a textile converter, selling finished textile piece goods to, among others, garment manufacturers.

3. Upon information and belief, defendant, CHARLOTTE RUSSE MERCHANDISING, INC. (hereinafter referred to as defendant or "Russe") is a California corporation, with a place of business at 4645 Morena Blvd., San Diego, CA 92117, and is a retail organization that purchases wearing apparel for resale to consumers, with retail stores located in New York.

## PLAINTIFF'S COPYRIGHTED WORK

4. In 2006 an original work of art was created by the plaintiff, and identified as "Pattern No. 1125".

5. Since on or about August 10, 2006, plaintiff's original work of art was produced on fabrics, which fabrics are also identified as Pattern No. 1125.

6. The design of Pattern No. 1125 is wholly original and is copyrightable subject matter under the laws of the United States.

7. In or about August 10, 2006, plaintiff began selling fabrics bearing the design known as Pattern No. 1125.

8. All of the provisions of Title 17 of the United States Code, and all of the laws governing Copyright, have been duly complied with; and a Certificate of Registration has been duly received from the Register of Copyrights, covering the design known as Pattern No. 1125, identified as follows: Registration No. VA 1- 629-469.

9. Plaintiff is the sole proprietor of all rights, title and interest in and to the Copyright of said design.

10. A photocopy of plaintiff's Certificate of Registration for said copyrighted design is annexed hereto as Exhibit "A".

11.  Subsequent to the publication by plaintiff of its Pattern No. 1125 involved herein, defendant, with full knowledge of the rights of plaintiff therein, infringed plaintiff's Copyright on such design by reproducing, displaying, manufacturing, printing, reprinting, yarn-dyeing, publishing, vending, distributing, selling, promoting and/or advertising garments bearing a design thereon which contained substantial material copied from said copyrighted fabric design or by causing and/or participating in such reproduction by reproducing, displaying, manufacturing, printing, reprinting, yarn-dyeing, publishing, vending, distributing, selling, promoting and/or advertising, all in violation of the rights of plaintiff under Section 106 of the Copyright Law, Title 17 U.S.C.

12.  A photocopy of plaintiff's copyrighted design known as Pattern No. 1125 is annexed hereto as Exhibit "B". A photocopy of defendant's said infringement is annexed hereto as Exhibit "C".

13.  All of defendant's acts, as set forth herein, were performed without the permission, license or consent of plaintiff.

14.  Plaintiff has gone to great expense in producing and promoting the sale of fabrics bearing its copyrighted design Pattern No. 1125.

15. Plaintiff's copyrighted design incorporated carefully prepared and fashionable color combinations, which color combinations aided greatly in the sale of garments bearing the copyrighted design.

16. As a result of plaintiff's expenditure of money and skill in the promotion for sale of fabrics bearing plaintiff's copyrighted design, the fabric design and garments have acquired a substantial market value in the trade.

17. Defendant has a design obviously copied from plaintiff's copyrighted design, which copy defendant has been offering and continues to offer for sale. The design printed on defendant's garments is substantially similar to plaintiff's copyrighted design.

18. Defendant's infringing design (Exhibits "C") is unmistakably copied from plaintiff's design (Exhibit "B").

19. Defendant's garments, when viewed by a consumer, would appear to be substantially similar to a garment of like style bearing plaintiff's copyrighted design.

complaint-Cameron - Russe

5

20.     Upon information and belief, defendant has produced its garments incorporating the copied design in a color combination virtually identical to a color combination of plaintiff's design.

21.     Defendant, by its acts as aforesaid, have taken advantage of the knowledge and skill of plaintiff and of the good will developed by plaintiff and has capitalized upon the market created for plaintiff's design.

22.     By defendant's use of a design and color combination virtually identical with plaintiff's design and color combination, defendant has been and will continue to be able to pass off and sell its garments as a substitute for the garments sold by customers of plaintiff.

23.     The aforesaid acts of defendant in copying plaintiff's design and color combination and selling copies of same constitutes inequitable conduct, unfair trade practices and unfair competition in that defendant has thereby misappropriated plaintiff's good will and the benefits of plaintiff's knowledge, skill and expenditures in the promotion of the distinctive design and color combination, and by reason of the sale of defendant's garments in competition with the plaintiff's sales of fabrics incorporating the copyrighted design have caused irreparable injury to plaintiff in that plaintiff's market has been greatly reduced thereby, which injury will continue so long as defendant continues to market the copied design.

24.     Plaintiff has been damaged by the acts of defendant alleged herein in an amount not as yet known, but believed to be in excess of One Million ($1,000,000.00) Dollars. The infringing activities of defendant are further and continuously damaging plaintiff in a manner for which plaintiff has no adequate remedy at law.

**WHEREFORE**, plaintiff demands:

(1)     That defendant, its agents, employees and servants be enjoined pendente lite and permanently from infringing the said Copyright No. VA 1- 629-469 of plaintiff covering its Pattern No. 1125, in any manner and from publishing, selling, marketing or otherwise disposing of any textiles and garments imprinted with designs copied from plaintiff's said copyrighted design.

(2)     That defendant be required to pay to plaintiff damages to be determined at trial, but believed to exceed One Million ($1,000,000.00) Dollars, plus interest, which plaintiff has sustained in consequence of defendant's infringement of said Copyright and said unfair trade practices and unfair competition and to account for:

>    (a)     all gains, profits and advantages derived by defendant in its infringement of plaintiff's Copyright or such damages as to the Court shall appear proper within the provisions of the copyright statutes, and

    (b)    all gains, profits and advantages derived by defendant by said unfair practices and unfair competition.

    (3)    That defendant be required to deliver up to be impounded during the pendency of this action, all copies of said reproduction of said works of art in its possession or under its control, and to deliver up for destruction all infringing copies and rollers, screens, plates, molds, and other matter for making such infringing copies.

    (4)    That defendant pay to plaintiff the costs of this action and reasonable attorneys' fees to be allowed to the plaintiff by the Court.

    (5)    That plaintiff have such other and further relief as is just.

Dated: New York, New York  
       June 23, 2008

SCHLACTER & ASSOCIATES  
Attorneys for Plaintiff

By: *[signature]*  
JED R. SCHLACTER (JRS-4874)  
450 Seventh Avenue  
New York, NY 10123  
(212) 695-2000

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

**VA 1-629-469**

**Effective date of registration:**

April 3, 2008

---

### Title
**Title of Work:** Pattern No. 1125
**Nature of Work:** Design for Fabric

### Completion/Publication
**Year of Completion:** 2006
**Date of 1st Publication:** August 10, 2006        **Nation of 1st Publication:** United States

### Author
**Author:** Cameron Industries, Inc.
**Author Created:** 2-Dimensional artwork
**Work made for hire:** Yes
**Citizen of:** United States
**Anonymous:** No            **Pseudonymous:** No

### Copyright claimant
**Copyright Claimant:** Cameron Industries, Inc.
1375 Broadway, New York, NY 10018

### Limitation of copyright claim
**Previously registered:** No

### Certification
**Name:** Jed R. Schlacter
**Date:** March 27, 2008

---

**Correspondence:** Yes

Page 1 of 1

IPN#:

Registration #:   VA0001629469

Service Request #:   1-53957811

Schlacter & Associates
450 Seventh Avenue
Suite 1308
New York, NY 10123

# EXHIBIT B



# EXHIBIT C

Case 1:08-cv-06173-VM    Document 1    Filed 07/07/2008    Page 15 of 15

